IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| KENNY MARTINEZ | : | NO. 13-143-1 |

### ORDER

AND NOW, this 6th day of October, 2015, upon consideration of defendant Kenny Martinez's ("Martinez") pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (docket entry #67), and the Government's response in opposition thereto, and the Court finding that:

(a) On July 22, 2013, Martinez pled guilty to possession and distribution of cocaine in violation of Title 21, U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(b);

(b) The Government argued that Martinez was a career offender and should be sentenced under U.S.S.G. § 4B1.1;

(c) Martinez's offense level as a career offender was 34, though his acceptance of responsibility gave him a three-level reduction to offense level 31, for which the Guideline range for his sentencing was 188 to 235 months;

(d) We adopted this Guideline calculation, but found that the career offender enhancement unfairly overrepresented Martinez's criminal history, and thus we varied from the Guideline range and imposed a sentence of 110 months, see Judgment (docket entry #85);

(e) Martinez now moves to have his sentenced reduced pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782, which reduced by two levels the base offense levels

assigned to drug quantities that trigger the statutory mandatory minimum penalties under U.S.S.G § 2D1.1;

  (f)  Our Court of Appeals ruled directly on the applicability of amendments to U.S.S.G. § 2D1.1 to defendants sentenced under § 4B1.1 in <u>United States v. Mateo</u>, 560 F.3d 152 (3d Cir. 2009);

  (g)  In <u>Mateo</u>, the defendant had been convicted of a drug offense involving crack cocaine and his offense level was determined under U.S.S.G. § 4B1.1 since he was classified as a "career offender;" <u>id.</u> at 153;

  (h)  The Sentencing Guidelines were subsequently amended to reduce the base level for crack cocaine offenses under § 2D1.1, and the defendant moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2);

  (i)  The Court of Appeals stated that when an amendment decreases a base level drug offense under U.S.S.G. § 2D1.1, such an amendment does not affect a sentencing range provided by U.S.S.G. § 4B1.1 for career offenders, <u>id.</u> at 154;

  (j)  The Court also held that 18 U.S.C. § 3582(c)(2) therefore does not authorize a reduced sentence for defendants sentenced under the career offender guidelines of U.S.S.G. § 4B1.1 when amendments are made to offenses under § 2D1.1 of the Guidelines, <u>id.</u>;

  (k)  The case at hand is perfectly analogous to the situation our Court of Appeals addressed in <u>Mateo</u>;

  (m)  Martinez was not sentenced under U.S.S.G. § 2D1.1, but instead was sentenced under the career offender guidelines found in U.S.S.G. § 4B1.1;

  (n)  Amendment 782 thus does not affect the Guideline range used for Martinez's sentencing; and

      (o)    Martinez therefore is not eligible for a reduction of sentence pursuant to § 3582(c)(2);

It is hereby ORDERED that defendant Kenny Martinez's pro se motion for reduction of sentence is DENIED.

                                         BY THE COURT:

                                         _/s/ Stewart Dalzell_
                                         Stewart Dalzell, J.